UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80074-CV-MIDDLEBROOKS

BREANN P. JENKINS,

    Plaintiff,

v.

AT&T MOBILITY, INC., and AT&T
MOBILITY, LLC.,

    Defendants.

_____/

## **ORDER OF INSTRUCTIONS TO *PRO SE* LITIGANT**

Given that Plaintiff is proceeding *pro se*—and to better manage the orderly progress of this case—it is hereby **ORDERED AND ADJUDGED** as follows:

1. *Pro se* litigants, like all litigants, must comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders. Plaintiff shall therefore comply with all Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida. Plaintiff may obtain the Local Rules from the Clerk of Court. Plaintiff's failure to comply with the federal and local rules may result in sanctions, which could include dismissal of the case.

2. It shall be Plaintiff's responsibility to keep the Court informed of Plaintiff's *current* address. If Plaintiff fails to notify the Court of an address change, the Court may dismiss this case without further notice. To provide the Court with a new address, Plaintiff must file on the docket a "Notice of Change of Address." That Notice must include both the new address and the date on which the new address became effective. The Notice may not include *any other* information.

3. If Plaintiff intends to file an amended petition or an amended complaint, Plaintiff shall file a "Motion for Leave to Amend" with the Court and shall include the proposed amended

pleading as an attachment to that Motion for Leave. Plaintiff need not mail the amended pleading to any Defendant.

4. All filed papers must include the case style, case number, and appropriate title in the format required by the Local Rules. *See* Sample Form Following Local Rule 5.1. The signature block of each pleading must also contain the *pro se* litigant's name and address. Plaintiff must mail the original of every pleading or document to the Clerk of Court at 299 East Broward Boulevard, #108 Fort Lauderdale, FL 33301.  Each such submission shall include (1) a copy of the pleading or document and (2) a certificate of service, in which Plaintiff shall state the date on which Plaintiff mailed a true and accurate copy of the pleading or document to Defendant or Defendant's counsel.

5. **Under no circumstances shall Plaintiff mail any pleading or document to any Judge or Magistrate of this Court.** The Court will disregard any such pleading or document.

6. Plaintiff shall not send letters to the Court or to the Clerk of Court. Under the Federal Rules of Civil Procedure, if Plaintiff wants relief, Plaintiff must file a motion—that is, a document requesting that relief—on the Court's docket and must furnish copies of that motion to the opposing side. Because letters are not motions or pleadings, any letters from Plaintiff will be discarded and will not appear on the Court's docket.

7. A *pro se* litigant who wishes to oppose a motion must respond in writing within the time periods provided by the Federal Rules of Civil Procedure and the Local Rules.

8. No litigant may call the Judge's chambers for legal advice about the case. This prohibition applies equally to the litigant's friends, family, or acquaintances. Brief case status information may be available from the Clerk of Court. But Plaintiff should understand that no Court employee can (or will) provide legal advice to any litigant, *pro se* or otherwise.

9. Because Plaintiff does not have counsel to assist with discovery matters, Plaintiff should pay special attention to Federal Rule of Civil Procedure 26(a), which lists the various forms of discovery that are available in civil cases. Although the Court will not permit any *pro se* litigant to take depositions, the Court will allow Plaintiff to conduct some relevant discovery—so long as that discovery is reasonable—according to the methods prescribed by the Federal Rules of Civil Procedure and the Local Rules.

10. A *pro se* litigant bears the responsibility of actively pursuing his or her case and must obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial. If Plaintiff fails to do so, the Court may dismiss the case for lack of prosecution. In fact, Plaintiff's failure to comply with any court order may result in dismissal.

11. At the end of the case, the Court may order the losing party to pay the winning party's court costs, litigation expenses, and legal fees. Otherwise, Plaintiff will be billed for any outstanding costs and fees.

12. Finally, *pro se* litigant is hereby notified that he may complete and submit to the Clerk of Court a "Consent by Pro Se Litigant (Non-Prisoner) to Receive Notices of Electronic Filing" form, which is available on the Court's website. If *pro se* litigant opts to do so, he will more quickly receive filings in this case via email.

**SIGNED** in West Palm Beach, Florida, this 22nd day of January, 2025.

Donald M. Middlebrooks
United States District Judge

cc: Breann P. Jenkins
1046 35th Street
West Palm Beach, FL 33407
PRO SE